OPINION
Appellants Diane and John Hollenbeck, Jane, Randall and Jessica Douglas, and Lois Lower are appealing the decision of the Guernsey County Court of Common Pleas that dismissed their lawsuits against their employer Appellee Colgate-Palmolive Company ("Colgate") and various suppliers and manufacturers of chemicals and associated equipment. The following facts give rise to this appeal.
At one time, Diane Hollenbeck, Jane Douglas and Lois Lower were all employees at Colgate's Cambridge, Ohio, facility. The remaining appellants are spouses or children of the primary appellants and filed claims for loss of consortium. Between the years 1991 and 1993, all three appellants filed claims against Colgate for workers' compensation.[1] Each workers' compensation claim alleged injury due to exposure to toxic chemicals.
Following administrative hearings and review by the Industrial Commission of Ohio, each of appellants' workers' compensation claims were denied on the basis that the injuries claimed were not the result of exposure to chemicals at work. Appellants Hollenbeck and Douglas appealed to the Guernsey County Court of Common Pleas, but subsequently voluntarily dismissed their cases without prejudice. Appellant Lower did not appeal the adverse decision to the trial court.
On February 8, 1996, appellants filed this suit in the Cuyahoga County Court of Common Pleas. Appellants set forth the following claims in their complaint: (1) defective design, manufacture, formulation, warning or construction, as defined by the Ohio Products Liability Act, R.C. 2307.71 and R.C. 2307.73, against all appellees; (2) negligent supply of the chemicals, as defined by the Ohio Products Liability Act, R.C. 2307.71 and2307.78, against all appellees; (3) intentional tortious conduct against Appellee Colgate; (4) loss of consortium; and (5) gross negligence and willful misconduct against all appellees.
On July 19, 1996, the Cuyahoga County Court of Common Pleas granted an unopposed motion to transfer this case to the Guernsey County Court of Common Pleas. Judge Ellwood, in Guernsey County, recused himself from the case on October 9, 1996. On October 29, 1996, the Ohio Supreme Court appointed Judge Thompson to hear this matter.
Subsequently, several of the appellees filed motions to dismiss and/or motions for summary judgment. On April 17, 1997, the trial court addressed appellees' motions as motions for summary judgment and granted the same for all appellees. In doing so, the trial court found appellants' claims barred by the statute of limitations, collateral estoppel and issue preclusion. The trial court further held the Ohio Products Liability Act preempted appellants' common law negligence and breach of warranty claims. The trial court also determined appellants had not distinguished between manufacturers and suppliers as required by the products liability statute and therefore, had not properly pled their statutory products liability claims. Finally, the trial court found the loss of consortium claims derivative of the primary claims and subject to the same summary judgment disposition.
Appellants timely filed their notices of appeal and set forth the following assignments of error for our consideration:
 I. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT ON THE BASIS OF THE STATUTE OF LIMITATIONS.
 II. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT ON THE BASIS THAT THE WORKERS' COMPENSATION CASES PRECLUDED THE ISSUES RAISED IN THIS COMPLAINT.
 III. THE TRIAL COURT ERRED IN DISMISSING THE FIFTH CLAIM FOR RELIEF ON THE BASIS THAT THE MANUFACTURERS AND SUPPLIERS ARE NOT EMPLOYERS.
 IV. THE TRIAL COURT ERRED IN DISMISSING THE COMPLAINT ON THE BASIS THAT THE OHIO REV. CODE §§ 2307.71-2307.801, PREEMPTS THE EARLIER LAW.
 Standard of Review
Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. Smiddy v. The Wedding Party, Inc.
(1987), 30 Ohio St.3d 35, 36. As such, we must refer to Civ.R. 56 which provides, in pertinent part:
 Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. * * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor.
Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates the non-moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating there is a genuine issue of material fact for trial. Vahila v. Hall (1997), 77 Ohio St.3d 421,429, citing Dresher v. Burt (1996), 75 Ohio St.3d 280.
It is based upon this standard that we review appellants' assignments of error.
 I
Appellants maintain, in their first assignment of error, that this lawsuit is not barred by the applicable statute of limitations. We disagree.
In Ohio, actions for personal injuries are governed by a two-year statute of limitations. R.C. 2305.10. However, the Ohio Supreme Court has recognized that in certain situations, an injured person may not be aware of the injury he or she has suffered until after the expiration of this two-year period. Such is often the case concerning exposure to toxic chemicals. Thus, in the case of Liddell v. SCA Services. (1994), 70 Ohio St.3d 6, the Court recognized the use of the rule of discovery to toll the running of the statute of limitations in all actions alleging the infliction of bodily injury which only manifests itself at a point subsequent to the alleged negligent conduct of the defendant. Therefore, the Court held:
 When an injury allegedly caused by exposure to toxic chlorine gas does not manifest itself immediately, a cause of action for that injury arises upon the date the plaintiff is informed by competent medical authority that he has been injured by exposure to the gas, or upon the date on which, by the exercise of reasonable diligence, he should have become aware that he has been so injured, which ever date occurs first. Id. at paragraph one of the syllabus.
In the case sub judice, the trial court found appellants' claims barred by the two-year statute of limitations because they knew or should have known their alleged injuries were the result of toxic chemical exposure at the Colgate facility more than two years before filing this lawsuit. Judgment Entry, Apr. 17, 1997, at 7. Our review of the record supports the trial court's conclusion.
In reliance upon the Liddell case, appellants maintain they did not become aware that their injuries were the result of exposure to toxic chemicals until they each received letters from Drs. Thomas Callender and William Marcum, which was within the two-year period prior to filing their complaint. However, appellants do not deny their injuries occurred more than two years before they filed their complaint or that they each filed workers' compensation claims against their employer for injuries due to chemical exposure more than two years before the filing of this complaint.
In each appellants' Occupational Disease Claim Application, each appellant claimed injuries due to exposure to certain chemicals at Palmolive's plant. A review of the injuries claimed by each appellant establishes that the injuries alleged in the Occupational Disease Claim Applications are identical to the injuries claimed in the complaint filed on February 8, 1996. Further, the alleged cause of the injuries, in the Occupational Disease Claim Applications and the complaint, is also identical.
We agree with the trial court's conclusion that due to the filing of their workers' compensation claims, which were based on exposure to toxic chemicals, appellants clearly knew or should have known their alleged injuries were the result of toxic chemical exposure, at the Colgate facility, which occurred over two years before they filed the complaint in the case sub judice.
Appellants' first assignment of error is overruled. We will not address assignments of error two through four as the disposition of appellants' first assignment of error renders the remaining assignments of error moot.
For the foregoing reasons, the judgment of the court of Common Pleas, Guernsey County, Ohio, is hereby affirmed.
By: Wise, J., Hoffman, P. J., and Reader, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Guernsey County, Ohio, is affirmed.
[1] Diane Hollenbeck signed an Occupational Disease Claim Application on August 16, 1991. Jane Douglas signed an Occupational Disease Claim Application on May 4, 1992. Lois Lower signed an Occupational Disease Claim Application on February 23, 1993.